**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JON MOORE, <br><br> Plaintiff, <br><br> v. <br><br> CAPRI HOLDINGS LIMITED, JOHN D. IDOL, MARILYN CROUTHER, ROBIN FREESTONE, JUDY GIBBONS, MAHESH MADHAVAN, STEPHEN F. REITMAN, JANE THOMPSON, and JEAN TOMLIN <br><br> Defendants. | Case No. _____ <br><br> **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** <br><br> JURY TRIAL DEMANDED |

Plaintiff Jon Moore ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1. This is a stockholder action brought by Plaintiff against Capri Holdings Limited ("Capri" or the "Company") and the members of Capri's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to sell Capri to Tapestry, Inc. ("Tapestry") (the "Proposed Transaction").

2. On August 10, 2023, Capri entered into an Agreement and Plan of Merger with Tapestry and Tapestry's wholly owned subsidiary, Sunrise Merger Sub, Inc. ("Merger Sub") (the

"Merger Agreement"). Pursuant to the terms of the Merger Agreement, Tapestry will acquire Capri for $57.00 in cash per share of Capri common stock outstanding.

3. On September 20, 2023, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that Capri stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (i) the Company's financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor Barclays Capital Inc. ("Barclays"); and (iii) potential conflicts of interest faced by Barclays and Company insiders.

4. The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as Capri stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

5. The special meeting for Capri stockholders to vote on the Proposed Transaction is currently scheduled for October 25, 2023. It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and Capri's other shareholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction. Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District. Capri's common stock trades on the New York Stock Exchange, which is headquartered in this District, rendering venue in this District appropriate.

**THE PARTIES**

9. Plaintiff is, and has been at all relevant times, the owner of shares of Capri common stock.

10. Defendant Capri is a British Virgin Islands business company, with its principal executive offices located at 90 Whitfield Street, 2nd Floor, London, United Kingdom W1T 4EZ. Capri's shares trade on the New York Stock Exchange under the ticker symbol "CPRI."

11. Defendant John D. Idol has been Chairman of the Board, Chief Executive Officer and a director of the Company at all relevant times.

12. Defendant Marilyn Crouther has been a director of the Company at all relevant times.

13. Defendant Robin Freestone has been Lead Director of the Company at all relevant times.

14. Defendant Judy Gibbons has been a director of the Company at all relevant times.

15. Defendant Mahesh Madhavan has been a director of the Company at all relevant times.

16. Defendant Stephen F. Reitman has been a director of the Company at all relevant times.

17. Defendant Jane Thompson has been a director of the Company at all relevant times.

18. Defendant Jean Tomlin has been a director of the Company at all relevant times.

19. Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background of the Company

20. Capri is a global fashion luxury group consisting of iconic, founder-led brands Versace, Jimmy Choo and Michael Kors. The Versace brand was founded in 1978 in Milan and is one of the world's leading international fashion design houses. Over the past several decades, Versace has expanded into the design, manufacturing, distribution and retailing of accessories, ready-to-wear, footwear, eyewear, watches, jewelry, fragrance and home furnishings business. The Jimmy Choo brand's core product offering is women's luxury shoes, complemented by accessories, including handbags, small leather goods, jewelry, scarves and belts, as well as men's luxury shoes and accessories business. The Michael Kors brand launched over 40 years ago beginning as an American luxury sportswear house and becoming a global accessories, footwear and ready-to-wear company.

### The Proposed Transaction

21. On August 10, 2023, Capri announced that it had entered into the Proposed Transaction, stating, in relevant part:

> NEW YORK—(BUSINESS WIRE)— Tapestry, Inc. (NYSE: TPR), a house of iconic accessories and lifestyle brands consisting of Coach, Kate Spade, and Stuart Weitzman, and Capri Holdings Limited (NYSE: CPRI), a global fashion luxury group consisting of Versace, Jimmy Choo, and Michael Kors, today announced that

they have entered into a definitive agreement under which Tapestry will acquire Capri Holdings. Under the terms of the transaction Capri Holdings shareholders will receive $57.00 per share in cash for a total enterprise value of approximately $8.5 billion.

This acquisition brings together six highly complementary brands with global reach, powered by Tapestry's data-rich customer engagement platform and diversified, direct-to-consumer operating model. The combined company generated global annual sales in excess of $12 billion with a presence in over 75 countries and achieved nearly $2 billion in adjusted operating profit in the prior fiscal year.

Joanne Crevoiserat, Chief Executive Officer of Tapestry, Inc., said, "We are excited to announce the acquisition of Capri Holdings – uniting six iconic brands and exceptional global teams. Tapestry is an organization with a passion for building enduring brands through superior design and craftsmanship and an unwavering focus on our customers. Importantly, we've created a dynamic, data-driven consumer engagement platform that has fueled our success, fostering innovation, agility, and strong financial results. From this position of strength, we are ready to leverage our competitive advantages across a broader portfolio of brands. The combination of Coach, Kate Spade, and Stuart Weitzman together with Versace, Jimmy Choo, and Michael Kors creates a new powerful global luxury house, unlocking a unique opportunity to drive enhanced value for our consumers, employees, communities, and shareholders around the world."

John D. Idol, Chairman and Chief Executive Officer of Capri Holdings Limited, said, "Today's announcement marks a major milestone for Capri. It is a testament to all that our teams have achieved in building Versace, Jimmy Choo, and Michael Kors into the iconic and powerful luxury fashion houses they are today. We are confident this combination will deliver immediate value to our shareholders. It will also provide new opportunities for our dedicated employees around the world as Capri becomes part of a larger and more diversified company. By joining with Tapestry, we will have greater resources and capabilities to accelerate the expansion of our global reach while preserving the unique DNA of our brands."

Tapestry, Inc.'s Chief Financial Officer and Chief Operating Officer, Scott Roe, said, "The acquisition of Capri Holdings accelerates our strategic agenda and represents a significant value creation opportunity. Importantly, this combination is immediately accretive on an adjusted basis and enhances Tapestry's total shareholder return. This includes more than $200 million in expected run-rate cost synergies within three years of deal closing. Further, our diversified, strong, and consistent cash flows will allow us to continue to invest in our business and rapidly pay down debt – aligned with our commitment to maintaining an investment grade rating – while returning capital to shareholders, including today's announced 17% increase in our dividend per share. Overall, we are disciplined financial operators

and allocators of capital with a relentless drive to deliver meaningful shareholder value."

\* \* \*

**Transaction Details**

The Boards of Directors of each of Tapestry, Inc. and Capri Holdings Limited have unanimously approved the transaction. The transaction is anticipated to close in calendar year 2024, subject to approval by the Capri Holdings shareholders, as well as the receipt of required regulatory approvals, and other customary closing conditions.

The all-cash offer for Capri Holdings of $57.00 per share represents a premium of approximately 59% to the 30-day volume weighted average price ending August 9, 2023. The total enterprise value of the transaction of approximately $8.5 billion represents a 9x adjusted EBITDA multiple on a trailing-twelve-month basis, or 7x including expected synergies.

The transaction is not subject to a financing condition. Tapestry has secured $8.0 billion in fully committed bridge financing from Bank of America N.A. and Morgan Stanley Senior Funding, Inc. The purchase price of approximately $8.5 billion is expected to be funded by a combination of senior notes, term loans, and excess Tapestry cash, a portion of which will be used to pay certain of Capri's existing outstanding debt.

Importantly, Tapestry has engaged with the rating agencies and is committed to a solid Investment Grade Rating. Tapestry will suspend its share repurchase activity to prioritize de-leveraging via debt reduction and anticipates reaching a leverage ratio of below 2.5x Debt/EBITDA within 24 months post-close. Furthermore, Tapestry is instituting a long-term leverage target of under 2.5x Debt/EBITDA.

**Advisors**

Morgan Stanley & Co LLC is serving as Tapestry, Inc.'s exclusive financial advisor and Latham & Watkins LLP is its legal advisor. Capri Holdings Limited's financial advisor is Barclays and its legal advisor is Wachtell, Lipton, Rosen & Katz.

**The Materially Incomplete and Misleading Proxy Statement**

22. On September 20, 2023, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC. The Proxy Statement, which recommends that Capri stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material

information to Company stockholders, or provides them with materially misleading information, concerning: (i) the Company's financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor, Barclays; and (iii) the potential conflicts of interest faced by Barclays and Company insiders.

*Material Misrepresentations and/or Omissions Concerning Capri's Financial Projections*

23. The Proxy Statement fails to disclose material information concerning the financial projections for the Company.

24. For example, for each of the Company's May 2023 Projections and August 2023 Projections, the Proxy Statement fails to disclose all line items underlying the Company's: (i) Adjusted EBITDA; (ii) Adjusted EBIT; and (iii) Unlevered Free Cash Flow.

*Material Misrepresentations and/or Omissions Concerning Barclays' Financial Analyses*

25. The Proxy Statement fails to disclose material information concerning Barclays' financial analyses.

26. With respect to Barclays' *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) the March 31, 2028 projection metric to which Barclays applied perpetuity growth rates in order to derive the Company's terminal values and a quantification thereof; (ii) the Company's terminal values; (iii) the inputs and assumptions underlying the discount rates ranging from 11.75% to 13.75%; (iv) the Company's estimated net debt as of July 1, 2023; and (v) the Company's fully diluted outstanding ordinary shares.

27. With respect to Barclays' *Selected Precedent Transaction Analysis* and *Selected Comparable Company Analysis*, the Proxy Statement fails to disclose the individual financial metrics for each of the selected transactions and companies analyzed by Barclays, respectively.

*Material Misrepresentations and/or Omissions Concerning Barclays' and Company Insiders' Potential Conflicts of Interest*

28. The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by Barclays.

29. Specifically, the Proxy Statement fails to disclose the amount of compensation Barclays has received, or expects to receive, for serving as a lender under Capri's existing credit facility. *See* Proxy Statement at 40.

30. The Proxy Statement also fails to disclose material information concerning Company insiders' potential conflicts of interest.

31. Specifically, the Proxy Statement fails to disclose whether any of Tapestry's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation. Notably, according to the Proxy Statement, "each Capri Option [ ] with a per share exercise price equal to or in excess of the Merger Consideration and that is outstanding and unexercised immediately prior to the Effective Time will be converted automatically into a Tapestry Option to purchase [a] number of shares of Tapestry common stock[.]" *Id.* at 44. Yet, the Proxy Statement fails to disclose whether any of Tapestry's proposals included the opportunity for Capri options to convert into options of Tapestry upon closing of the Proposed Transaction, as well as the details of any discussions or negotiations that occurred regarding the participation in the equity of the surviving corporation.

32. In sum, the omission of the above-referenced information renders statements in the "Certain Financial Projections," "Opinion of Barclays Capital Inc.," "Background of the Merger," and "Interests of Capri's Executive Officers and Directors in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent

disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of Capri will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

### Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Capri

33. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

34. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  Capri is liable as the issuer of these statements.

35. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

36. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

37. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

38.     The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

39.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

40.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

41.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

42.     The Individual Defendants acted as controlling persons of Capri within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Capri and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

43.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

44.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged

herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

45. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

46. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Capri, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.	Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:  October 4, 2023                                            **ACOCELLI LAW, PLLC**

By  */s/ Richard A. Acocelli*
Richard A. Acocelli
33 Flying Point Road, Suite 131
Southampton, NY 11968
Tel: (631) 204-6187
Email: racocelli@acocellilaw.com

*Attorneys for Plaintiff*